IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SERGIO MATA AGUILAR,

       Petitioner,

v.                                                           No. CV 13-389 JB/LAM

RAY TERRY, Warden,

       Respondent.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on Petitioner's *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1)*, filed April 25, 2013, Petitioner's *Motion to Supplement Petition (Doc. 4)*, filed May 3, 2013, Respondent's response to the § 2241 Petition and motion to supplement (*Doc. 7*), filed June 27, 2013, and Petitioner's reply (*Doc. 10*), filed August 2, 2013.[2] United States District Judge James O. Browning referred the claims raised by Petitioner in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 3*]. Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that Petitioner's *Motion to*

---

[1]Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

[2]Petitioner filed two letters with the Court stating that he did not receive a copy of Respondent's response. *See Docs. 8* and *9*. The Court's docket shows that the response was sent to Petitioner's address of record on June 27, 2013 and the Clerk re-sent the response on July 23, 2013.

*Supplement Petition (Doc. 4)* be **GRANTED**, Petitioner's *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1)* be **DENIED**, and that this case be **DISMISSED with prejudice**.

### *Background*

Petitioner is being held in the custody of Immigration and Customs Enforcement (hereinafter "ICE") at the Otero County Processing Center in Chaparral, New Mexico. [*Doc. 1* at 1-2] and [*Doc. 7* at 1]. Petitioner is a citizen of Mexico who was granted Lawful Permanent Resident status in 1992. [*Doc. 1* at 3] and [*Doc. 7* at 2]. On February 21, 1997, Petitioner was convicted of Battery - Domestic Violence, in violation of N.M.S.A. 1978 § 30-3-4 and, in September of 2006, Petitioner was convicted of Battery Upon a Police Officer in violation of N.M.S.A. 1978 § 30-22-24. [*Doc. 7* at 2] and [*Doc. 1* at 3]. Petitioner came into federal custody May 19, 2011. [*Doc. 7* at 2]. On April 2, 2013, an Immigration Judge entered a removal order, which Petitioner appealed to the Bureau of Immigration Appeals (hereinafter "BIA") on the same day. [*Doc. 7* at 5].

On December 3, 2012, Petitioner filed his first § 2241 Petition in this Court, contending that he was being detained without bond for an unreasonable period of time. *See* Civ. No. 12-1253 WJ/SMV, Doc. 1. That petition was dismissed without prejudice on July 10, 2013 (*see id.*, Doc. 26) based on the report and recommendation of the Magistrate Judge filed June 19, 2013 (*see id.*, Doc. 22). On March 28, 2013, Petitioner filed a petition for a writ of mandamus regarding his case before the Immigration Judge, which challenged decisions made in the denial of an I-130 petition submitted on Petitioner's behalf. *See* Civ. No. 13-300 JCH/LAM, Doc. 1 at 3 and 6. That petition was dismissed on April 17, 2013. *See id.*, Doc. 7. On April 25, 2013, Petitioner filed his § 2241 Petition in this case. [*Doc. 1*].

2

In his Petition, Petitioner contends that his counsel and the judge in his 2006 state criminal case violated his statutory and constitutional rights by failing to warn him of the immigration consequences of the plea he agreed to in that case. [*Doc. 1* at 4]. Petitioner contends that he would have proceeded to trial had he known about the immigration consequences of the plea. *Id.* Petitioner asks the Court to stay his removal from the United States pending his appeal of the immigration judge's removal order. *Id.* at 5-6 and 8-9. In his **Motion to Supplement Petition** *(Doc. 4)*, Petitioner attaches a copy of a motion he states he has submitted to the BIA pertaining to his appeal of his removal order (*Doc. 4-1*), and he objects to the submission of "Police Reports" used to establish his removability (*Doc. 4* at 2-3).

In his response, Respondent contends that Petitioner has failed to exhaust state court remedies regarding his guilty plea in his state case. [*Doc. 7* at 7]. In addition, Respondent contends that Petitioner's request for a stay of removal is unnecessary because Petitioner's removal is already stayed pending the resolution of his appeal of his removal order. *Id.* at 7-8. Finally, Respondent states that Petitioner's contentions regarding his objections to the Immigration Judge's removal order are not properly before this Court because that order is presently on appeal before the BIA. *Id.* at 8. Because Respondent does not oppose Petitioner's motion to supplement his Petition, the Court finds that the motion should be granted, and will consider below the contentions raised in that motion.

Because Petitioner is proceeding *pro se*, the Court liberally construes his Petition and holds it to a less stringent standard than pleadings drafted by an attorney. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this standard of liberal construction does not mean that the Court may act as Petitioner's advocate in this proceeding. *See id.*, 935 F.2d at 1110.

3

### *Discussion*

First, the Court finds that Petitioner cannot challenge his removal on the basis of the allegedly unconstitutional failure of his attorney and the judge in one of his state criminal cases to warn him of the immigration consequences of his plea, because "an alien cannot collaterally attack the legitimacy of a state criminal conviction in a deportation proceeding." *Waugh v. Holder*, 642 F.3d 1279, 1282 (10th Cir. 2011) (citation and internal quotation marks omitted); *see also Aguilar-Alvarez v. Holder*, No. 11-9556, --- Fed. Appx. ----, 2013 WL 3242489, *5 n.1 (10th Cir. June 28, 2013) (unpublished) (explaining that a removal proceeding does not contemplate the assertion of habeas corpus claims such as ineffective assistance of counsel). To the extent Petitioner is attempting to bring a § 2254 claim challenging the legality of his conviction in his state case, such a claim requires that the petitioner be in custody under the challenged conviction or sentence at the time his petition is filed, which is not the case here because Petitioner is not in custody under the challenged conviction or sentence. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). In addition, even if Petitioner were in custody for purposes of § 2254, it appears that his claim would be subject to dismissal for failure to satisfy the exhaustion requirement of § 2254(b)(1)(A). *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (explaining that before seeking a writ of habeas corpus under § 2254, a state prisoner must exhaust available state remedies to give the State the opportunity to "pass upon and correct" alleged violations of its prisoners' federal rights) (citations and internal quotation marks omitted). For these reasons, the Court recommends denying this claim.

The Court additionally finds that Petitioner's requested relief, which is for the Court to stay his removal from the United States pending his appeal of the Immigration Judge's removal order, is unnecessary because Petitioner's removal order is not yet final since his appeal with the BIA is still pending. *See* 8 C.F.R. § 1241.1 (explaining that an order of removal does not become final until the BIA rules on the appeal, or in other circumstances not at issue here). Therefore, Petitioner's removal is already stayed based on Petitioner's appeal of his removal order to the BIA, and the relief he requests in his Petition is moot.

The Court also finds that it does not have jurisdiction over Petitioner's challenges to either the Immigration Judge's reliance on Fifth Circuit law (*see Doc. 1* at 6-7), or to the police reports introduced in Petitioner's appeal (*see Doc. 4* at 2-3), because Petitioner's removal order is not final. *See* 8 U.S.C. § 1252(a)(1) (stating that only "final order[s] of removal" are subject to judicial review); and *Beltran v. Holder*, No. 13-9500, --- Fed. Appx. ----, 2013 WL 3746141, *1 (10th Cir. July 18, 2013) (unpublished) (declining to review the Immigration Judge's decision regarding the petitioner's bond claim because that decision was not a final order of removal, so the court lacked jurisdiction under § 1252(a)(1)). Moreover, any challenge to Petitioner's removal order, once it becomes final, must be brought to the appropriate court of appeals, not to this Court. *See* 8 U.S.C. § 1252(a)(5) (explaining that, except in some circumstances, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal"). Petitioner contends in his reply that the Court should stay his removal until he exhausts his appeals of the removal order, because he may be deported before he has a chance to file an appeal. [*Doc. 10* at 2-4]. This contention is without merit because, again, the Court does not have jurisdiction to stay Petitioner's removal because his removal order

is not final, and because this is not the proper court in which to raise this argument. *See* 8 U.S.C. § 1252(a)(1) and (a)(5). The Court, therefore, recommends denying these claims for relief.

The Court will not consider the arguments raised for the first time in Petitioner's reply brief that he is not subject to mandatory detention because he was not taken into custody when he was released from state custody, and that the two years he has spent in detention is unconstitutional (*Doc. 10* at 6). *See United States v. Hardwell,* 80 F.3d 1471, 1495 (10th Cir. 1996) ("Issues raised for the first time in a reply brief will not be considered.") (citation omitted). In addition, because the Court finds that Petitioner's claims are without merit, the Court recommends denying his Petition with prejudice.

Finally, the Court notes that Respondent calls Petitioner's Petition a "second or successive motion" under § 2241. [*Doc. 7* at 5]. While Respondent does not contend that Petitioner's claims should be dismissed on that basis, the Court notes that, under the abuse of the writ doctrine, a second or successive petition that raises a claim that could have been raised in an earlier petition should be dismissed unless the petitioner establishes cause for his failure to raise the claim in an earlier proceeding and resulting prejudice or, in the absence of cause, that a fundamental miscarriage of justice would result from a failure to entertain the claim. *See* 28 U.S.C. § 2244(a) (stating that a court is not required "to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to judgment of a court of the United States if it appears that the legality of such detention has been determined . . . on a prior application for a writ of habeas corpus"); and *Stanko v. Davis*, 617 F.3d 1262, 1271 (10th Cir. 2010). In addition to this proceeding, Petitioner has filed a § 2241 petition in Civ. No. 12-1253 WJ/SMV challenging the length of his detention without bond, and has filed a petition for a writ of mandamus in Civ. No. 13-0300

JCH/LAM, challenging certain aspects of his removal proceedings before the Immigration Judge. Both of those petitions have been dismissed. Respondent also states that on May 2, 2013, Petitioner filed a civil rights complaint in the District Court for the Western District of Texas, listing the Immigration Judge, BIA, and others as respondents. [*Doc. 7* at 5]. Because Respondent did not plead abuse of the writ, and because the Court has not given Petitioner notice and an opportunity to establish cause and prejudice or a miscarriage of justice, the Court does not at this time recommend that this proceeding be dismissed under the abuse of the writ doctrine. *See Stanko*, 617 F.3d at 671 (explaining that, while ordinarily the government bears the burden of pleading abuse of the writ, if the Court raises it *sua sponte*, the petitioner should be given notice and an opportunity to respond). However, the Court cautions Petitioner that any subsequent petitions he files regarding his immigration proceedings may be subject to the requirement that he establish cause and prejudice for his failure to raise the claim in an earlier proceeding, or that a fundamental miscarriage of justice would result from a failure to entertain the claim. *See, e.g., Davis v. Bechtel, Jr.*, 150 F.3d 486, 490-91 (5th Cir. 1998) (finding abuse of the writ applied when petitioner raised the same grounds for relief in his petition for mandamus relief as he had raised in his second § 2241 petition).

*Conclusion*

For the reasons stated above, the Court recommends that Petitioner's ***Motion to Supplement Petition (Doc. 4)*** be **GRANTED**, Petitioner's ***Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1)*** be **DENIED**, and that this case be **DISMISSED with prejudice**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**